Mark E. Merin (State Bar No. 043849)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone: (916) 443-6911
Facsimile: (916) 447-8336
E-Mail: mark@markmerin.com

Andrew C. Schwartz (State Bar No. 064578)
CASPER, MEADOWS, SCHWARTZ & COOK
A Professional Corporation
California Plaza
2121 North California Blvd., Suite 1020
Walnut Creek, California 94596
Telephone: (925) 947-1147
Facsimile: (925) 947-1131
E-Mail: schwartz@cmslaw.com

Karen L. Snell (State Bar No. 100266)
Attorney at Law
102 Buena Vista Terrace
San Francisco, CA 94117
Telephone: (415) 225-7592
Facsimile: (415) 487-0748
E-Mail: ksnell@snell-law.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN CEDILLO, TERRY HOUSTON, JUSTIN WRIGHT, CRAIG ARNO, ALONZO CLEAVES, JOHN GREENEMEIER, JOHN ROUSSEL, LEONARD HUGALL, on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TRANSCOR AMERICA, LLC, and DOES 1 through 100,<br><br>Defendants. | Case No. CV 13 1580<br><br>**CLASS ACTION COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

PLAINTIFFS COME BEFORE THIS HONORABLE COURT AND ALLEGE:

## I. INTRODUCTION

1. This is an action for money damages and declaratory relief against TRANSCOR AMERICA, LLC ("TRANSCOR") and DOES 1 through 100 (persons sued herein by their fictitious names) for violations of plaintiffs' constitutional rights. Plaintiffs are inmates who were transported by TRANSCOR on behalf of local and/or state governments. Plaintiffs allege that TRANSCOR used excessive force against them and caused them to experience the unnecessary and wanton infliction of pain.

2. Plaintiffs allege that TRANSCOR transported them sitting up in vehicles, in full restraints including handcuffs, leg irons, waist chains, black boxes and connector chains, for more than 59 continuous hours (plaintiffs RUBEN CEDILLO, ALONZO CLEAVES, and others similarly situated), for more than 67 continuous hours (plaintiffs JUSTIN WRIGHT, JOHN GREENEMEIER, JOHN ROUSSEL and others similarly situated), and for more than 95 continuous hours (plaintiffs CRAIG ARNO and LEONARD HUGALL and others similarly situated). Plaintiffs allege that, during the time they were on a TRANSCOR vehicle, TRANSCOR did not allow them to lie down, provided them with only limited access to a toilet, did not allow them to attend to personal hygiene, fed them only fast food, provided limited access to fluids, and deprived them of direct access to medical staff. As a direct result of TRANSCOR's polices, practices and customs, each of the named plaintiffs suffered physical as well as mental injuries, as detailed herein.

3. Plaintiffs allege that TRANSCOR's official policies, practices, and customs subjected them to cruel and unusual punishment and that TRANSCOR used excessive force against them in violation of their rights, and the rights of persons similarly situated, secured by the Fourth, Eighth and Fourteenth Amendments to the U.S. Constitution, and entitles plaintiffs, and each of those similarly situated, to recover damages and attorneys' fees under the Federal Civil Rights Act (42 U.S.C. §§ 1983, 1988).

4. Plaintiffs further allege that TRANSCOR violated rights guaranteed to them by California law, including the Bane Civil Rights Act (California Civil Code § 52.1(b)), pursuant

to which plaintiffs are, and each of those persons similarly situated in the subclass of inmates transported by defendants in California is, entitled to recover a minimum of $4,000 for each violation of rights secured to them by the constitution or laws of the state of California and the constitution or laws of the United States and attorneys' fees (California Civil Code § 52.1(h)).

## II. JURISDICTION

5. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Eighth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1341(3) and (4) and the aforementioned statutory and constitutional provisions.

6. The court has supplemental jurisdiction over plaintiffs' state claims under 28 U.S.C. § 1367(a).

7. The amount in controversy exceeds $10,000, excluding interest and costs.

## III. INTRADISTRICT ASSIGNMENT

8. Transactions and events at issue in this case occurred in the Northern District of California. There is a basis for assignment of this case to the San Francisco Division of the Court. This action concerns substantially the same parties, property, transactions and events as *Schilling v. TransCor America, LLC*, 3:08-CV-00941 SI (N.D. Cal.), and it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges. Plaintiffs are informed and believe that a Motion to Consider Whether Cases Should Be Related will be filed in the lower numbered case, *Schilling v. TransCor America, LLC*, pursuant to Civil Local Rule 3-12.

## IV. PARTIES

9. Plaintiff RUBEN CEDILLO is a resident of Fresno, California, who was a pretrial detainee when he was transported by defendant TRANSCOR in restraints in the Northern District of California and elsewhere for more than 59 continuous hours.

10. Plaintiff TERRY HOUSTON is a resident of Eloy, Arizona, who was a pretrial detainee when he was transported by defendant TRANSCOR in restraints in the Northern

*Cedillo, et al. v. TransCor America, LLC, et al.*
CLASS ACTION COMPLAINT
Case 3:13-cv-00869 Document 1 Filed 04/08/13 Page 3 of 17 PageID #: 3

Page 3

District of California and elsewhere for more than 59 continuous hours.

11. Plaintiff JUSTIN WRIGHT is a resident of Tampa, Florida, who was a pretrial detainee when he was transported by defendant TRANSCOR in restraints for more than 67 continuous hours.

12. Plaintiff CRAIG ARNO is a resident of Trenton, New Jersey, who was a pretrial detainee when he was transported by defendant TRANSCOR in restraints for more than 95 continuous hours.

13. Plaintiff ALONZO CLEAVES is a resident of Savannah, Georgia, who was a prisoner when transported by defendant TRANSCOR in restraints for more than 59 continuous hours.

14. Plaintiff JOHN GREENMEIER is a resident of Vernon, New Jersey, who was a prisoner when transported by defendant TRANSCOR in restraints for more than 67 continuous hours.

15. Plaintiff JOHN ROUSSEL is a resident of Madison, Wisconsin, who was a prisoner when transported by defendant TRANSCOR in restraints for more than 67 continuous hours.

16. Plaintiff LEONARD HUGALL is a resident of Lake City, Florida, who was a prisoner when transported by defendant TRANSCOR in restraints for more than 95 continuous hours.

17. Defendant TRANSCOR, a wholly owned subsidiary of Corrections Corporation of America ("CCA"), was at all material times referred to herein a for-profit Tennessee corporation licensed to do business in California, which was in the business of transporting inmates throughout the United States pursuant to contracts with local, state, and federal agencies.

18. Plaintiffs are informed and believe and thereon allege that defendants sued herein by their fictitious names, DOES 1 through 100, are agents and/or employees of defendant TRANSCOR. Plaintiffs are not currently aware of the true names and identities of those sued herein as DOES 1 through 100, but will amend their complaint to include such

persons' real names once said names are made available to them.

19. At all times mentioned herein, TRANSCOR and each of the defendants was acting under the color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the United States and its States, including but not limited to the State of California.

20. Class action plaintiffs are all those similarly situated inmates who were transported by TRANSCOR its agents and/or employees, and forced to remain in the transport vehicle in restraints for more than 59 continuous hours; divided into subclasses of inmates transported in these conditions for more than 59 but less than 67 continuous hours, more than 67 but less than 95 continuous hours, and more than 95 continuous hours.

21. For purposes of the California Bane Act Claim, class action plaintiffs are all those similarly situated inmates who were transported in the State of California by TRANSCOR, its agents and/or employees, and forced to remain in the transport vehicle in restraints for more than 59 continuous hours; divided into subclasses of inmates transported in these conditions for more than 59 but less than 67 continuous hours, more than 67 but less than 95 continuous hours, and more than 95 continuous hours.

22. Class action plaintiffs were members of the class that was certified in *Schilling v. TRANSCOR America, LLC,* 2010 WL 583972 (N.D. Cal.). That case tolled the statute of limitations from February 14, 2006, until April 4, 2013. Thus, class action plaintiffs are inmates who were transported by TRANSCOR under the circumstances alleged herein for more than 59, 67, or 95 hours on or after February 18, 2006, or whose claims are otherwise timely under California law.

### V. FACTS

23. The inmates transported by TRANSCOR include adults and juveniles, males and females, pretrial detainees, sentenced prisoners, state mental hospital inmates, and immigration detainees. It is TRANSCOR's policy and practice to strip search all inmates and restrain them, regardless of their security classification, in handcuffs, waist or "belly" chains, leg irons, interconnects, and black boxes. Belly chains keep the inmates' handcuffs at waist level. Black

boxes, placed over the link between the handcuffs, restrict wrist movement. Interconnects are two foot chains that chain inmates together. It is TRANSCOR's policy and practice that inmates' restraints may not be removed while the inmate is in transit.

24. TRANSCOR's transport vehicles or "transporters" are compartmentalized into steel cages. It is TRANSCOR's policy and practice that inmates will remain on the vehicle, in their cages, in restraints, from the time they are picked up until the time they are dropped off. TRANSCOR has no written or unwritten policy stating the maximum number of hours an inmate can be transported.

25. Most of TRANSCOR's transport vehicles have chemical toilets on board. Inmates are allowed to use the toilet only when the vehicle is stopped and they are escorted by a guard. Inmates remain in their restraints during use of the toilet, including connector chains. The connector chain requires that the inmate to whom an inmate is chained accompany him or her to the toilet and prevents the door to the toilet from closing.

26. TRANSCOR has no policy promoting inmate hygiene during transport. There is no running water. Prisoners are not allowed to wash, brush their teeth, shave, or change their clothes.

27. TRANSCOR has no nutritional guidelines for prisoners. All of a prisoner's meals are comprised of fast food during transport.

28. TRANSCOR provides onboard sleeping berths for the TRANSCOR employees transporting the prisoners. TRANSCOR does not provide sleeping berths for inmates. TRANSCOR tells inmates not to lie down during the time they are in the transport vehicle because if they go to sleep, the inmates could fall out of the seat or be thrown forward when the vehicle makes a stop, as the vehicles are not equipped with seatbelts.

29. On October 31, 2006, TRANSCOR picked up plaintiff RUBEN CEDILLO at the Claremont Custody Center in Coalinga, California, where he had finished serving his sentence, in order to transport him to the Fresno County Jail in Fresno, California, where he had an outstanding warrant. The Claremont Custody Center is 58.21 miles from the Fresno County Jail. Had TRANSCOR transported plaintiff directly from his pick up to his drop off location, the trip would have taken approximately 1 hour and 10 minutes. But TRANSCOR did not

transport plaintiff directly and his trip took 59.20 hours. TRANSCOR transported plaintiff from Coalinga to Soledad, Salinas, San Luis Obispo, Santa Barbara, Paso Robles, Coalinga, San Jose, Fremont, Elk Grove, Woodland, Dixon, Richmond, Fremont, Lompoc, San Diego, and El Central, picking up and dropping off other inmates, before finally delivering plaintiff to the Fresno County Jail on November 3, 2006.

30. Throughout the trip, the restraints caused plaintiff physical and emotional pain, which became progressively worse, and caused plaintiff to suffer physical injuries. It was impossible for plaintiff to get comfortable. He could not stretch his legs or arms. He was not allowed to lie down. Sitting up, he was only able to sleep for a short time. When he saw the guards stop for showers, he requested a shower. Instead, and without warning, TRANSCOR employees sprayed him with Lysol disinfectant, causing him to feel further dehumanized and degraded.

31. On June 9, 2006, TRANSCOR picked up plaintiff TERRY HOUSTON in Redding, California, where he had finished serving his sentence, in order to transport him to San Luis Obispo, California, where charges had been pending but were dropped prior to his transportation. San Luis Obispo is approximately 430 miles from Redding. Had TRANSCOR transported plaintiff directly from his pick up to his drop off location, the trip would have taken less than seven hours. But TRANSCOR did not transport plaintiff directly and his trip took 59.33 hours. TRANSCOR transported plaintiff up and down the State of California, including within the Northern District of California, before finally delivering plaintiff to the San Luis Obispo Jail on June 11, 2006.

32. Throughout the trip, the restraints caused plaintiff physical and emotional pain, which became progressively worse. He was not allowed to lie down. Sitting up, he was only able to sleep for a short time. His handcuffs were too tight and his hands became swollen. Plaintiff begged the TRANSCOR agents to loosen his cuffs but they would not do so. They refused to give him bathroom breaks when he needed them. Plaintiff was not allowed to stand or to stretch. His back still hurts from the lack of mobility for such a long time.

33. On June 4, 2006, TRANSCOR picked up plaintiff Justin M. WRIGHT, a pretrial detainee, at the Brevard County Jail in Sharpes, Florida, in order to transport him to the

*Cedillo, et al. v. TransCor America, LLC, et al.* Page 7
CLASS ACTION COMPLAINT
Case 3:13-cv-00869  Document 1   Filed 04/08/13   Page 7 of 17 PageID #: 7

Chemung County Jail in Elmira, New York. The Brevard County Jail is 1141.29 miles from the Chemung County Jail. Had TRANSCOR transported plaintiff directly from his pick up to his drop off location, the trip would have taken approximately 18 hours and 39 minutes. But TRANSCOR did not transport plaintiff directly and his trip lasted eight days. During the first leg of the journey, TRANSCOR transported plaintiff for 72.75 continuous hours. TRANSCOR then dropped plaintiff off at the Christian County Jail in Hopkinsville, Kentucky, picked him up, and transported him for 56.60 continuous hours, before finally delivering him to Chemung County Jail on June 12, 2006.

34. Throughout his time on the TRANSCOR vehicle, plaintiff was forced to remain sitting up and was restrained in handcuffs, leg shackles, a waist chain, and a black box, and he was chained to another inmate. He was told not to stand up except when he was taken to the on board toilet. It was hard for plaintiff to eat or drink or go to the bathroom the way he was chained. The restraints caused him physical and mental pain, which became progressively worse, and caused plaintiff to suffer physical and mental injuries. He told the guards the restraints were too tight more than once during his first 72.75 hours, and they did nothing. It was impossible for plaintiff to get comfortable. He could not stretch his legs or arms. During the days and nights on the transporter, plaintiff was unable to sleep at all. He was never given the opportunity to take a shower. He sought treatment for the pain in his back when he reached Elmira, and still has physical problems with his back from the experience.

35. On November 12, 2007, TRANSCOR picked up plaintiff CRAIG ARNO, a pretrial detainee, at the Hutchinson State Jail in Dallas, Texas, in order to transport him to a county detention facility in Mays Landing, New Jersey. The State Jail in Dallas is 1486.52 miles from Mays Landing. Had TRANSCOR transported plaintiff directly from his pick up to his drop off location, the trip would have taken approximately 23 hours and 40 minutes. But TRANSCOR did not transport plaintiff directly, and his trip lasted eight days. During one leg of the journey, TRANSCOR transported plaintiff for 95.42 continuous hours. TRANSCOR then dropped him off at a contract facility, picked him up, and transported him for 29.67 continuous hours before finally delivering him to the county detention facility in Mays Landing on November 20, 2007.

*Cedillo, et al. v. TransCor America, LLC, et al.* Page 8
CLASS ACTION COMPLAINT
Case 3:13-cv-00869 Document 1 Filed 04/08/13 Page 8 of 17 PageID #: 8

36. Throughout his time on the TRANSCOR vehicles, plaintiff was forced to remain sitting up and was restrained in handcuffs, leg shackles, a waist chain, and a black box, and he was chained to another inmate. The connector chain was so short that he could not move without moving the other person. Plaintiff repeatedly told the TRANSCOR officer that his hands were swollen and that there was something the matter. It was difficult and extremely painful for him to eat and drink. Plaintiff went days without sleep because he had no bed and was chained to another person at all times. TRANSCOR's buses had poor shocks, and when they hit a hole, the inmates were bounced out of their seats. Plaintiff could not urinate when he wanted to. Using the toilet was difficult. Plaintiff and the other passengers waited in the vehicle in their restraints when the TRANSCOR employees stopped for showers and to change their clothes. Two days into the journey, the restraints caused plaintiff's hands to swell to the size of softballs. His wrists were lacerated and became infected. Only then did TRANSCOR authorize his handcuffs to be replaced with shackles, but on the second leg of his journey a TRANSCOR agent insisted he wear handcuffs again, aggravating his injuries. Plaintiff also suffered rashes on his groin, back, legs, backside and face due to the lack of proper hygiene. Plaintiff had to be treated on the infection unit for a week when he reached his destination. He continues to suffer pain in his wrist, elbows, knees, sides, back, hips, and he cannot get a good night's sleep. He is required to take medication daily to deal with this pain. His wrists still bear scars from the handcuffs.

37. On August 31, 2007, TRANSCOR picked up plaintiff ALONZO CLEAVES, a sentenced prisoner, at the Clark County Jail in Las Vegas, Nevada, in order to transport him to the Estill Federal Correctional Institution in Estill, South Carolina. The Clark County Jail is approximately 2200 miles from FCI Estill. Had TRANSCOR transported plaintiff directly from his pick up to his drop off location, the trip would have taken approximately 34 hours. But TRANSCOR did not transport plaintiff directly, and his trip lasted five days. TRANSCOR transported plaintiff for 45 continuous hours, housed him for five days, then transported him for 64.68 continuous hours before finally delivering him to FCI Estill on September 10, 2007.

38. Throughout his time on the TRANSCOR vehicle, plaintiff was forced to remain sitting up and was restrained in handcuffs, leg shackles, a waist chain, and a black box, and he

was chained to another inmate. He was told not to stand up except when he was taken to the on board toilet. It was hard for plaintiff to eat or drink or go to the bathroom the way he was chained. The restraints caused him physical and mental pain, which became progressively worse, and caused plaintiff to suffer physical and mental injuries.

39. On September 14, 2006, TRANSCOR picked up plaintiff JOHN GREENEMEIER, a sentenced prisoner, at a detention facility in Arizona, in order to transport him to a county detention facility in New Jersey, on behalf of state and local law enforcement agencies. The detention facility in Arizona is approximately 2400 miles from the facility in New Jersey. Had TRANSCOR transported plaintiff directly from his pick up to his drop off location, the trip would have taken approximately 37 hours. But TRANSCOR did not transport plaintiff directly, and his trip lasted 13 days. During his journey, TRANSCOR transported plaintiff for 40.68 hours, housed him for four days, transported him for 67.78 continuous hours, housed him for four days, then transported him for 27.40 hours before finally delivering him to the county detention facility in New Jersey on September 27, 2006.

40. Throughout his time on the TRANSCOR vehicle, plaintiff was forced to remain sitting up and was restrained in handcuffs, leg shackles, a waist chain, and a black box, and he was chained to another inmate. He was told not to stand up except when he was taken to the on board toilet. It was hard for plaintiff to eat or drink or go to the bathroom the way he was chained. The restraints caused him physical and mental pain, which became progressively worse, and caused plaintiff to suffer physical and mental injuries.

41. On March 17, 2007, TRANSCOR picked up plaintiff JOHN ROUSSEL, a sentenced prisoner, at the North Central Correctional Facility in Rockwell City, Iowa, in order to transport him to the Dane County Jail in Madison, Wisconsin, on behalf of state and/or local law enforcement agencies. The North Central Correctional Facility is approximately 307 miles from the Dane County Jail. Had TRANSCOR transported plaintiff directly from his pick up to his drop off location, the trip would have taken approximately 5 hours. But TRANSCOR did not transport plaintiff directly, and his trip lasted more than seven days. During his journey, TRANSCOR transported plaintiff for 26.58 continuous hours, housed him for three days, then transported him for 71.83 continuous hours before finally delivering him to the Dane County

Jail on March 24, 2007.

42. Throughout his time on the TRANSCOR vehicle, plaintiff was forced to remain sitting up and was restrained in handcuffs, leg shackles, a waist chain, and a black box, and he was chained to another inmate. He was told not to stand up except when he was taken to the on board toilet. It was hard for plaintiff to eat or drink or go to the bathroom the way he was chained. The restraints caused him physical and mental pain, which became progressively worse, and caused plaintiff to suffer physical and mental injuries.

43. On October 11, 2007, TRANSCOR picked up plaintiff LEONARD HUGALL, a sentenced prisoner, in Ocala, Florida, in order to transport him to a county detention facility in Michigan, on behalf of state and local law enforcement agencies. Ocala, Florida, is approximately 1170 miles from the facility in Michigan. Had TRANSCOR transported plaintiff directly from his pick up to his drop off location, the trip would have taken approximately 18 and one half hours. But TRANSCOR did not transport plaintiff directly, and his trip lasted four days. TRANSCOR transported plaintiff for 95.50 continuous hours before finally delivering him to the county detention facility in Michigan on October 15, 2007.

44. Throughout his time on the TRANSCOR vehicle, plaintiff was forced to remain sitting up and was restrained in handcuffs, leg shackles, a waist chain, and a black box, and he was chained to another inmate. He was told not to stand up except when he was taken to the on board toilet. It was hard for plaintiff to eat or drink or go to the bathroom the way he was chained. The restraints caused him physical and mental pain, which became progressively worse, and caused plaintiff to suffer physical and mental injuries.

45. There was no penological necessity for Defendant TRANSCOR to transport inmates in these inhumane conditions. Had TRANSCOR transported inmates reasonably directly from their pick up to their drop off locations they would have arrived in significantly less time. Moreover, TRANSCOR contracts with numerous detention facilities, and there are others as well that are available to house TRANSCOR inmates overnight and provide them with the opportunity to stretch, free of restraints, to lie down, and to attend to personal hygiene.

46. As a result of TRANSCOR's policies, practices, or customs described herein, plaintiffs, and all those similarly situated, have suffered physical, mental, and emotional

*Cedillo, et al. v. TransCor America, LLC, et al.*
CLASS ACTION COMPLAINT
Page 11
Case 3:13-cv-00369 Document 1 Filed 04/08/13 Page 11 of 17 PageID #: 11

injuries, invasion of privacy, and violation of federal and state statutory and constitutional rights. Plaintiffs, and all those similarly situated, are entitled to recover damages according to proof, including exemplary damages.

## VI. CLASS CLAIMS

47. Defendant TRANSCOR AMERICA, LLC, used excessive force against plaintiffs and deprived plaintiffs, and all those similarly situated, of the minimal civilized measure of life's necessities, including sleep, exercise, hygiene and medical care. Class action plaintiffs are inmates transported by Defendant TRANSCOR on or after February 14, 2006, who were forced to remain in a TRANSCOR vehicle for more than 59 continuous hours. The class is divided into subclasses of inmates subjected to these conditions for more than 59 but less than 67 continuous hours (represented by plaintiffs Ruben Cedillo and Alonzo Cleaves), more than 67 but less than 95 continuous hours (represented by plaintiffs Justin Wright, John Greenemeier, and John Roussel), and more than 95 continuous hours (represented by plaintiffs Craig Arno and Justin Hugall).

48. The class is also defined to include subclasses of inmates who were transported within the State of California by TRANSCOR AMERICA, LLC, its agents and/or employees, and were forced to remain in the transport van for more than 59, 67, and 95 hours, whose claims are timely under California law, including the tolling provisions of California Code of Civil Procedure sections 352 and 352.1.

49. In accordance with Federal Rules of Civil Procedure, Rule 23(a), the members of the class are so numerous that joinder of all members is impractical. Plaintiffs do not know the exact number of class members. Plaintiffs are informed and believe, and thereupon allege, that there are approximately 4900 persons in the proposed class.

50. In accordance with Federal Rules of Civil Procedure, Rule 23(a), plaintiffs are informed and believe, and thereupon allege, that there are many facts common to the class including but not limited to: (a) whether defendants have a policy, practice, or custom of transporting inmates in restraints for more than 59, 67, and 95 hours at a time; (b) whether defendants have a policy, practice or custom of depriving inmates of sleep; (c) whether

*Cedillo, et al. v. TransCor America, LLC, et al.* Page 12
CLASS ACTION COMPLAINT
Case 3:13-cv-00869 Document 1 Filed 04/08/13 Page 12 of 17 PageID #: 12

defendants have a policy, practice or custom of depriving inmates of adequate hygiene; (d) whether defendants have a policy, practice or custom of depriving inmates of adequate exercise; and (e) whether defendants have a policy, practice or custom of depriving inmates of adequate medical care.

51. In accordance with Federal Rules of Civil Procedure, Rule 23(a), plaintiffs are informed and believe, and thereupon allege, that there are many questions of law common to the class including but are not limited to: (a) whether transporting inmates in metal cages, restrained with handcuffs, shackles, a waist chain, and a connector chain for more than 59, 67, or 95 continuous hours violates the Fourth, Eighth, and Fourteenth Amendments; (b) whether depriving inmates of sleep for more than 59, 67, or 95 continuous hours violates the Fourth, Eighth, and Fourteenth Amendments; (c) whether restricting inmates' access to a toilet and sanitation for more than 59, 67, or 95 continuous hours violates the Fourth, Eighth, and Fourteenth Amendments; (d) whether depriving inmates of movement free of restraints for more than 59, 67, or 95 continuous hours violates the Fourth, Eighth, and Fourteenth Amendments; (e) whether failing to have plaintiffs' restraints checked by a trained medical professional for more than 59, 67, or 95 continuous hours violates the Fourth, Eighth, and Fourteenth Amendments; and (f) whether a combination of these conditions imposed for more than 59, 67, or 95 continuous hours violates the Fourth, Eighth, and Fourteenth Amendments.

52. In accordance with Federal Rules of Civil Procedure, Rule 23(a), the claims of the representative plaintiffs are typical of the class. Representative plaintiffs have the same interests and suffered the same type of injuries as all of the class members. Plaintiffs' claims arose because of defendants' official policy, practice, or custom of subjecting inmates to unlawful conditions of confinement, excessive force, and cruel and unusual punishment. Plaintiffs' claims are based upon the same legal theories as the claims of the class members. Each class member suffered actual damages as a result of being transported under the conditions imposed by TRANSCOR.

53. In accordance with Federal Rules of Civil Procedure, Rule 23(a), the representative plaintiffs will fairly and adequately protect the class interests. Plaintiffs'

interests are consistent with and not antagonistic to the interests of the class.

54. In accordance with Federal Rules of Civil Procedure, Rule 23(b)(1)(A), prosecutions of separate actions by individual members of the class would create a risk that inconsistent or varying adjudications with respect to individual members of the class would establish incompatible standards of conduct for the parties opposing the class.

55. In accordance with Federal Rules of Civil Procedure, Rule 23(b)(1)(B), prosecutions of separate actions by individual members of the class would create a risk of inconsistent adjudications with respect to individual members of the class which would, as a practical matter, substantially impair or impede the interests of the other members of the class to protect their interests.

56. In accordance with Federal Rules of Civil Procedure, Rule 23(b)(2), plaintiffs are informed and believe, and thereupon allege, that defendants have acted on grounds generally applicable to the class, thereby making appropriate the final injunctive or declaratory relief with respect to the class as a whole.

57. In accordance with Federal Rules of Civil Procedure, Rule 23(b)(3), this class action is superior to other available methods for the fair and equitable adjudication of the controversy between the parties. Plaintiffs are informed and believe, and thereupon allege, that the interests of members of the class in individually controlling the prosecution of a separate action is low, in that most class members would be unable individually to prosecute any action at all. Plaintiffs are informed and believe, and thereupon allege, that the amounts at stake for individuals are so small that separate suits would be impracticable. Plaintiffs are informed and believe, and thereupon allege, that most members of the class will not be able to find counsel to represent them. Plaintiffs are informed and believe, and thereupon allege, that it is desirable to concentrate all litigation in one forum because it will promote judicial efficiency to resolve the common questions of law and fact in one forum, rather than in multiple courts.

58. Plaintiffs are informed and believe, and thereupon allege, that the identities of the class members may be ascertained from records maintained by defendant TRANSCOR. Plaintiffs are informed and believe, and thereupon allege, that records maintained by defendants

*Cedillo, et al. v. TransCor America, LLC, et al.* Page 14
CLASS ACTION COMPLAINT
Case 3:13-cv-00869 Document 1 Filed 04/08/13 Page 14 of 17 PageID #: 14

reflect the identity of each person who was subjected to transportation, the time and location of pick up, the time and location of drop off, and the duration of time each inmate remained in a TRANSCOR vehicle. Plaintiffs are informed and believe, and thereupon allege, that all of the foregoing information is contained in defendants' records and that the information necessary to identify the class members, by last known addresses, is readily available from said records.

59. In accordance with Federal Rules of Civil Procedure, Rule 23(b)(3), class members must be furnished with the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. Plaintiffs contemplate that individual notice will be given to class members at their last known address by first class mail. Plaintiffs contemplate that the notice will inform class members of the following:

    i. The pendency of the class action and the issues common to the class;
    ii. The nature of the action;
    iii. Their right to "opt out" of the action within a given time, in which event they will not be bound by a decision rendered in the class action;
    iv. Their right, if they do not "opt out," to be represented by their own counsel and to enter an appearance in the case; otherwise they will be represented by the named class plaintiffs and their counsel; and
    v. Their right, if they do not "opt out," to share in any recovery in favor of the class, and conversely to be bound by any judgment on the common issues adverse to the class.

### VII. CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF

(Violation Of The Fourth, Eighth And Fourteenth Amendments To The U.S. Constitution On Behalf Of Plaintiffs And All Persons Similarly Situated Against All Defendants And Each Of Them )

60. Plaintiffs hereby incorporate herein the preceding paragraphs of this complaint, to the extent relevant, as if fully set forth.

---

*Cedillo, et al. v. TransCor America, LLC, et al.*
**CLASS ACTION COMPLAINT**

Page 15

61. Defendants' policies, practices, or customs regarding the transportation of inmates violated the rights of plaintiffs, and each of those similarly situated, under the Fourth, Eighth and Fourteenth Amendments, to be free from unlawful conditions of confinement, the use of excessive force, and cruel and unusual punishment, and violated the rights of plaintiffs, and each of those similarly situated, under the Fourteenth Amendment, to due process and privacy, and directly and proximately damaged plaintiffs, and each of those similarly situated, as herein alleged, entitling plaintiffs, and each of those similarly situated, to recover damages for said constitutional violations pursuant to 42 U.S.C. § 1983.

WHEREFORE, plaintiffs, on behalf of themselves and on behalf of each of those similarly situated, pray for relief as hereunder appears.

### SECOND CLAIM FOR RELIEF

(Violation Of The California State Bane Civil Rights Act, Civil Code Section 52.1, On Behalf Of Plaintiffs And All Persons Similarly Situated Against All Defendants And Each Of Them)

62. Plaintiffs hereby incorporate herein the preceding paragraphs of this complaint, to the extent relevant, as if fully set forth.

63. Defendants, and each of them, have interfered by threats, intimidation, or coercion with plaintiff's' rights, and the rights of all those similarly situated, secured by the Constitution of the United States and the rights secured by the Constitution of California.

64. Plaintiffs, and each of the persons plaintiffs seek to represent, were harmed by defendants' interference with their aforementioned constitutional and statutory rights.

65. By using threats, intimidation and coercion to interfere with the aforementioned constitutional and statutory rights of plaintiffs, and each of the persons plaintiffs seek to represent, defendants, and each of them, have violated California Civil Code § 52.1.

66. Defendants' violations of California Civil Code § 52.1 make them liable to each plaintiff for damages up to a maximum of three times the amount of each plaintiff's actual damages, but in no event less than four thousand dollars ($4,000), together with any attorney's fees and costs that may be determined by the court.

WHEREFORE, plaintiffs, on behalf of themselves and on behalf of all those similarly situated, pray for relief as hereunder appears.

## VIII. PRAYER FOR RELIEF

WHEREFORE, plaintiffs, on behalf of themselves and on behalf of all those similarly situated, seek judgment as follows:

    a.    For declaratory and injunctive relief declaring illegal and enjoining, preliminarily and permanently, defendants' policy, practice, or custom of transporting pretrial detainees and prisoners under the conditions described herein;

    b.    Certification of the action as a class action;

    c.    For compensatory, general, and special damages for each representative plaintiff and for each member of the class of plaintiffs, as against all defendants;

    d.    Exemplary damages as against each of the defendants in an amount sufficient to deter and to make an example of those defendants;

    e.    Attorneys' fees and costs under 42 U.S.C. § 1988, and California Civil Code §§ 52 et seq.; and,

    f.    The cost of this suit and such other relief as the court finds just and proper.

## IX. DEMAND FOR A JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38(b), a jury trial is hereby demanded.

DATED: April 8, 2013            Respectfully submitted,

By: _____
Andrew C. Schwartz
CASPER, MEADOWS, SCHWARTZ & COOK
Attorneys for Plaintiffs

*Cedillo, et al. v. TransCor America, LLC, et al.*
CLASS ACTION COMPLAINT
Case 3:13-cv-00869 Document 1 Filed 04/08/13 Page 17 of 17 PageID #: 17
Page 17