```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                     NASHVILLE DIVISION

RUBEN CEDILLO, et al.,              )
                                    )
        Plaintiffs                  )
                                    )     No. 3:13-0869
v.                                  )     Judge Sharp/Brown
                                    )     Jury Demand
TRANSCOR AMERICA, LLC, et al.,      )
                                    )
        Defendants                  )
```

### INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d)(2), the following Initial Case Management Plan is adopted.

**1. Jurisdiction:** The basis for the Court's subject matter jurisdiction over plaintiffs' claims is 42 U.S.C. §§ 1983 and 1988, as well as 28 U.S.C. §§ 1331 and 1341(3)(4). The court may exercise supplemental jurisdiction over plaintiffs' state claims under 28 U.S.C. § 1367(a). There are no counterclaims.

This case was originally filed in the Northern District of California on April 8, 2013. On defendants' motion, venue was transferred under 28 U.S.C. § 1406(a) to the Middle District of Tennessee on August 27, 2013.

This lawsuit was filed subsequent to the granting of summary judgment in an earlier, related case brought by three plaintiffs entitled *Schilling v. TransCor* America, filed in the Northern District of California, C08-00941-SI. In that matter, Judge Illston had granted class certification, and thereafter granted defendants' motion for summary judgment as to the class

claims, which were defined as those prisoners and pre-trial detainees who were transported for more than 24 hours.

Subsequent to the granting of defendants' motion, the three named plaintiffs in the *Schilling* matter resolved their individual claims, and this lawsuit was filed.

**2. Plaintiffs' theory of the case:** This is an action for declaratory relief and injunctive relief, damages and punitive damages against TransCor America, LLC. TransCor America, LLC is a corporation whose activities include transporting pretrial detainees and sentenced prisoners.

Plaintiffs have alleged that TransCor America, LLC has an official policy, practice and custom of transporting pretrial detainees and sentenced prisoners in conditions that amount to cruel and unusual punishment in violation of plaintiffs Fourth, Eighth, and Fourteenth Amendment Rights under the U.S. Constitution.

Specifically, plaintiffs have alleged that defendant TransCor America, LLC's policies and practices include transporting prisoners in small metal cages in which persons can neither stand up nor lie down for more than 59 hours at a time, and that TransCor America, LLC fails to provide pretrial detainees and sentenced prisoners with adequate food, fluids, exercise and hygiene, and medical care. Plaintiffs have learned that when being transported by TransCor, prisoners are handcuffed with black boxes, shackled,

and chained to one another. But for occasional trips to a toilet on the transporter, prisoners remain confined in that manner for the entire time they are on the transport vehicle.

3. **Defendant's theory of the case:** Defendant's complete defenses are more fully set forth in its Answer, but its primary theory in the case is that the multiple extradition trips challenged by plaintiffs did not violate either constitutional, California statutory, or other legal standards, that the security restraints and traveling restrictions were based on legitimate penological interests in transporting convicted prisoners or pretrial detainees, and that Judge Illston correctly rejected plaintiffs' class claims in her August 8, 2012 summary judgment decision (which may also have res judicata or collateral consequences to this action). Defendant also intends to file an early motion to dismiss or for judgment on the pleadings challenging the timeliness of the proposed class claims (and possibly those of individual plaintiffs) under the applicable statute of limitations, and to oppose any Rule 23 request for class certification.

4. **Identification of the issues:** Plaintiffs intend to move for class certification as they moved for class certification in the *Schilling* matter, and are prepared to proceed to trial as to the constitutional claims alleged in their complaint. Plaintiffs' claim that the manner in which Defendant transports prisoners is in

violation of their 4th, 8th, and 14th Amendment Constitutional rights, and California's Bane Act.

Should Plaintiffs' motion for class certification be denied, counsel for plaintiffs intend to move to amend the complaint to add additional individually named plaintiffs.

Defendants believe the class claims are untimely and cannot be subject to the *American Pipe* tolling doctrine in this subsequent class action, that res judicata and/or estoppel may preclude some or all claims in this action, that summary judgment may be appropriate for Defendant under *Farmer v. Brennan*, 511 U.S. 825 (1994), the Interstate Transportation of Dangerous Criminals Act, aka "Jeanna's Act," 42 U.S.C. § 13726(B), and that any claim for injunctive or equitable relief is moot given the fact that TransCor ceased its extradition business in the Fall of 2008 and does not perform transports lasting longer than 36 hours in length (and thus well short of the 59-hour time period complained of by plaintiffs). Defendant will oppose class certification under Rule 23.

**5. Need for other claims or special issues under Rules 13-15, 17-21, and Rule 23 of the Federal Rules of Civil Procedure:** Plaintiffs intend to move for class certification pursuant to Rule 23 of F.R.C.P., which Defendant intends to oppose. Such motions will be filed not later than **60 days** after dispositive motions under Rule 12(b)(6) or 12(c) are decided.

**6. Witnesses, if known, subject to supplementation by each party.**

    a.    Arno, Craig
    b.    Black, Douglas Earl
    c.    Bradley, Scott
    d.    Brooks, Gordon
    e.    Brummett, Jeff
    f.    Cedillo, Ruben
    g.    Cleaves, Alonzo
    h.    Crouch, James
    i.    Gibson, Robert
    j.    Greenemeier, John
    k.    Houston, Terry
    l.    Hugall, Leonard
    m.    Kincheloe, Troy
    n.    Lohberger, Tim
    o.    Pedigo, Sondra
    p.    Pinedo, John
    q.    Rion, Sharon
    r.    Roussel, John
    s.    Schilling, Kevin
    t.    Scott, Sineo
    u.    Smith, John
    v.    Steidinger, John
    w.    Sullivan, Curtiss
    x.    Sullivan, George
    y.    Sweet, Steve
    z.    Tellez, William
    aa.    Westbrook, Charles
    bb.    Wisdom, Marion "Fred"
    cc.    Wright, Justin

7. **Initial Disclosures and Staging of Discovery:** In light of all of the discovery that was undertaken in *Schilling*, which was considerable, the need for Initial Disclosures is minimal. Counsel for Plaintiffs are familiar with TransCor's policies and procedures and the initial disclosures should be limited to the individually named plaintiffs in this case.

Given that this action is a successive action to *Schilling*, and challenges the constitutionality of extradition trips taken in 2006-07, Defendant will be filing an early Rule 12(b)(6) or 12(c) motion on statute of limitations grounds, and proposes that all other discovery, disclosures and related deadlines be stayed pending the outcome of such motion.

8. **Dispositive motions:** Defendant will file a Rule 12(b)(6) or 12(c) motion on statute of limitations grounds directed at the proposed class claims on or before **October 31, 2013**; regardless of the outcome of such motion, Defendant also intends to challenge the viability of plaintiffs' Eighth Amendment and other claims via a motion for summary judgment, which should occur after all of the eight (8) named plaintiffs are deposed.

Responses to dispositive motions shall be filed within **28 days** after service. Briefs shall not exceed **25 pages** without leave of Court. Optional replies, limited to **five pages**, shall be filed within **14 days** after service of the response. If dispositive

motions are filed early, the response and reply dates are moved up accordingly.

    **9. Other deadlines:** The parties request that the Court defer all deadlines until after a ruling on Defendant's Rule 12(b)(6) or 12(c) motion, which Defendant will file no later than **October 31, 2013**.

    **10. Alternative dispute resolution:** The parties agree that a referral to ADR is premature at this time.

    **11. Consent to trial before the Magistrate Judge:** The parties do not consent to a trial before the Magistrate Judge.

    **12. Subsequent case management conferences:** A further case management conference will be set following a decision on the anticipated Rule 12 motion.

    It is so **ORDERED**.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge